Singh v. Garland

BIA
Cassin, IJ
A205 942 061

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand twenty-two.

PRESENT:
    DENNIS JACOBS,
    DENNY CHIN,
    MICHAEL H. PARK,
        *Circuit Judges.*

_____

HARPREET SINGH,
        *Petitioner,*

    v.                                          20-210
                                                NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Harpreet Singh, pro se, Copiague, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting Assistant Attorney General; Carl McIntyre, Assistant Director;

Andrew Oliveira, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Harpreet Singh, a native and citizen of India, seeks review of a December 26, 2019 decision of the BIA affirming an April 9, 2018 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harpreet Singh,* No. A205 942 061 (B.I.A. Dec. 26, 2019), *aff'g* No. A205 942 061 (Immig. Ct. N.Y.C. Apr. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA summarily affirms the decision of an IJ, we review the IJ's decision as the final agency determination. *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review adverse credibility determinations for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the

2

totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the determination that Singh was not credible as to his claim that he was twice attacked in India on account of his political opinion and required medical treatment after the first attack. First, the record contains inconsistencies between Singh's testimony and other evidence. Singh stated that a doctor treated him at home after a 2012 attack, and he submitted affidavits from

3

his mother and his local village head confirming this. But his physician's affidavit stated that the physician treated Singh at a medical clinic, not at home. Singh did not persuasively explain this inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (cleaned up)).

Second, Singh failed to rehabilitate his credibility with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency was entitled to accord little weight to affidavits from Singh's mother and village head because they were prepared by unavailable, interested parties for the purpose of Singh's hearing. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency decision to afford little weight to petitioner's husband's

4

letter because it was unsworn and from an interested witness). Further, Singh did not submit an affidavit from his friend who took him home after his alleged attack.

Considering the inconsistent evidence regarding Singh's medical treatment and the lack of reliable corroboration regarding his past harm and resulting treatment, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible."). That determination is dispositive of Singh's claims for asylum, withholding of removal and CAT relief because all three claims arose from the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5